UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

  v.

MARY JANE KIMBERLY LEE JOHNS,

    Defendant.
_____/

Case No. 00-80913

Hon. George Caram Steeh

### ORDER GRANTING IN PART MOTION TO VACATE SENTENCE UNDER 28 U.S.C. § 2255 (ECF NO. 110)

Defendant Mary Jane Kimberly Lee Johns filed a motion for leave to file a second or successive motion under 28 U.S.C. § 2255 in the court of appeals. The Sixth Circuit ruled that Johns's motion was not necessary because the filing was her first § 2255 petition, not a second or successive one, and transferred the motion to this court for further proceedings. ECF No. 109. This court ordered a response to Johns's motion, which the government filed on December 4, 2020. Johns has not supplemented her motion or filed a reply brief. For the reasons explained below, Johns's motion is granted in part and denied in part.

## BACKGROUND FACTS

In 2017, a jury convicted Johns of kidnapping, in violation of 18 U.S.C. §1201(a)(1); using a firearm during and in relation to the commission of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A); and failing to appear after pre-trial release, in violation of 18 U.S.C. § 3146(a)(1). The court sentenced her to 168 months of imprisonment: 80 months for kidnapping; 84 months for the § 924(c) firearm charge, and four months for failing to appear. ECF No. 85. The Sixth Circuit affirmed Johns's convictions and sentence on direct appeal. *United States v. Johns*, 759 Fed. Appx. 367, 374 (6th Cir. 2018).

## LAW AND ANALYSIS

Pursuant to 28 U.S.C. § 2255, "[a] prisoner in custody under sentence of a [federal] court . . . claiming the right to be released . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." In order to prevail upon a § 2255 motion, the movant must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was

so fundamental as to render the entire proceeding invalid." *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003) (citation omitted).

Because Johns is proceeding pro se, the court will construe her filing liberally. "The allegations of a pro se habeas petition, 'though vague and conclusory, are entitled to a liberal construction.'" *Franklin v. Rose*, 765 F.2d 82, 84-85 (6th Cir. 1985). Although her motion is styled as a motion for leave, rather than a habeas petition, the court will construe it as a petition under § 2255.

Johns raises three claims for relief. First, she alleges that her attorneys were ineffective because they advised her not to testify at trial. Johns asserts that she would not have gone to trial if she had known that she would not testify. Second, she alleges that her attorneys were ineffective because they did not call certain witnesses to testify at trial. Third, Johns contends that her § 924(c) conviction should be vacated in light of *United States v. Davis*, 139 S.Ct. 2319 (2019).

Johns's first two claims for relief are presented in a relatively skeletal manner. Even construing Johns's claims liberally, the court is unable to determine whether her attorneys provided ineffective assistance without additional information. In reviewing an ineffective assistance claim, the court "must indulge in a strong presumption that counsel's conduct falls

within the wide range of reasonable professional assistance." *Strickland v. Washington*, 466 U.S. 668, 689 (1984). Johns's attorneys, by advising her not to testify and by not calling certain witnesses, did not necessarily render ineffective assistance. Rather, these decisions may have reflected a reasonable trial strategy under the circumstances. Based upon the scant information provided, Johns has not alleged sufficient facts to support a claim that her counsel committed an error of constitutional magnitude. *See id.* at 695 ("[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.").

Johns's third claim for relief presents a legal rather than a factual issue. Johns was convicted under 18 U.S.C. § 924(c) for brandishing a firearm during a "crime of violence." The statute provides two definitions of a "crime of violence." Under the "elements clause," a crime of violence is any crime that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). The "residual clause" defines a crime of violence as any crime "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3)(B).

In *Davis*, the Supreme Court held that the definition of a "crime of violence" in the residual clause, § 924(c)(3)(B), is unconstitutionally vague. 139 S.Ct. at 2336. Johns's § 924(c) conviction was based upon the predicate offense ("crime of violence") of kidnapping. In light of *Davis*, kidnapping no longer qualifies as a "crime of violence" under the unconstitutionally vague residual clause, § 924(c)(3)(B). The government concedes that kidnapping also does not qualify as a predicate offense under the elements clause, § 924(c)(3)(A), and may not be used to support a § 924(c) conviction. *See Knight v. United States*, 936 F.3d 495, 497 (6th Cir. 2019) ("The government concedes that under *Davis* kidnapping in violation of 18 U.S.C. § 1201(a) is not a 'crime of violence' and thus Knight's conviction under § 924(c) for using a firearm during and in relation to kidnapping must be vacated."); *United States v. Walker*, 934 F.3d 375, 379 (4th Cir. 2019) ("kidnapping clearly does not categorically qualify as a crime of violence under the force clause, § 924(c)(3)(A)"); *United States v. Soto*, No.10-20635, 2020 WL 5440321, at *4 (E.D. Mich. Sept. 10, 2020) (vacating § 924(c) conviction that was based upon the predicate offense of kidnapping). Because there is no other predicate offense that could support Johns's § 924(c) conviction, it must be vacated. *Id.*; *see also Espinoza v. United States*, No. 10-20635, 2020 WL 1915642, at *6 (E.D. Mich. Apr. 20,

2020); *United States v. Pleasant*, No. 95-81035, 2020 WL 4346959, at *4 (E.D. Mich. July 29, 2020).

The government does not oppose Johns's *Davis* claim on the merits, but suggests that it may be untimely. In order to be timely, Johns's claim must have been filed within one year of the date her conviction became final, or within one year of the *Davis* decision.[1] *See* 28 U.S.C. § 2255(f)(1), (3). The Sixth Circuit issued its opinion affirming Johns's conviction on December 19, 2018, and the Supreme Court issued the *Davis* decision on June 24, 2019. Johns filed her motion in the Sixth Circuit within one year of both of these decisions, on December 18, 2019. The court has liberally construed Johns's motion as a § 2255 petition. Although Johns has not filed an accompanying brief, she provided sufficient information in her motion to allow the court to rule on her *Davis* claim. Under the circumstances, the court does not discern a basis to deny Johns's *Davis* claim as untimely.

In light of the invalidation of Johns's § 924(c) conviction, the government urges the court to vacate Johns's remaining sentences, so that

---

[1] Pursuant to 28 U.S.C. § 2255(f)(3), a habeas petition may be filed within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." The Sixth Circuit has held *Davis* to be retroactive on collateral review. *In re Franklin*, 950 F.3d 909, 910-11 (6th Cir. 2020).

it may reassess her sentence in the aggregate. When a defendant is sentenced on multiple counts, "there is often a 'sentencing package' where sentences imposed on the multiple counts are interdependent." *Pasquarille v. United States*, 130 F.3d 1220, 1222 (6th Cir. 1997). In *Pasquarille*, the Sixth Circuit held that when a § 924(c) conviction is vacated, the district court has the authority to resentence on the remaining counts. Section 2255 "gives the court jurisdiction and authority to reevaluate the entire aggregate sentence to ensure that the defendant receives the appropriate sentence on the remaining count[s]." *Id. See also Davis*, 139 S.Ct. at 2336 ("[W]hen a defendant's § 924(c) conviction is invalidated, courts of appeals 'routinely' vacate the defendant's entire sentence on all counts 'so that the district court may increase the sentences for any remaining counts' if such an increase is warranted.").

In fashioning Johns's aggregate sentence, the court took into account the mandatory consecutive seven-year sentence to be imposed for the § 924(c) violation. Now that the § 924(c) sentence must be vacated, the court will resentence Johns on the remaining counts. *Espinoza*, 2020 WL 1915642, at *6 (vacating § 924(c) conviction and ordering resentencing on remaining counts); *Soto*, 2020 WL 5440321, at *3-4 (same); *Pleasant*, 2020 WL 4346959, at *4 (same).

Accordingly, IT IS HEREBY ORDERED that Johns's § 2255 motion is GRANTED IN PART and DENIED IN PART and that her conviction and sentence under 18 U.S.C. § 924(c) (Count 2 of the second superseding indictment) is VACATED.

IT IS FURTHER ORDERED that Johns shall be resentenced on her kidnapping and failure to appear convictions (Counts 1 and 3) and that the probation department shall prepare an updated presentence report. The court will appoint counsel to represent Johns for the purpose of her resentencing hearing.

Dated:  April 19, 2021

> s/George Caram Steeh
> GEORGE CARAM STEEH
> UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on April 19, 2021, by electronic and/or ordinary mail and also on Mary Jane Kimberly Lee Johns #10936-424, Hazelton U.S. Penitentiary, Inmate Mail/Parcels, P.O. Box 2000, Bruceton Mills, WV 26525.

s/Leanne Hosking
Deputy Clerk